JOSEPH BERLEY, BY NEXT FRIEND, APPELLANT, v. EASTERN COAL DOCK COMPANY, RESPONDENT.

Argued November 22, 1920—Decided February 28, 1921.

The plaintiff, a stranger to the premises, attempted to cross the pier of the defendant upon which were located railroad tracks over which coal cars were being operated by gravity, without any custom of warning those upon the pier of the movements of the cars; upon reaching a track which contained cars the plaintiff observed an opening between two cars, and while attempting to pass sideways between the cars, a movement of the cars crushed his arm. *Held*, that defendant was guilty of no negligence and the plaintiff was guilty of contributory negligence.

On appeal from the Hudson County Circuit Court.

For the appellant, *McDermott & Enright.*

For the respondent, *Collins & Corbin.*

The opinion of the court was delivered by

KATZENBACH, J.   The appellant, Joseph Berley, by his next friend, instituted an action in the Hudson County Circuit Court against the defendant below, the Eastern Coal Dock Company, to recover damages for the loss of his left arm, which was so crushed between two coal cars on the pier of the defendant at South Amboy, New Jersey, as to require amputation.   Upon the conclusion of the case the trial court

directed the jury to return a verdict for the defendant. The appeal brings up for review the propriety of this direction. The plaintiff, a lad of nineteen years, was out of employment, and in the quest of work went to South Amboy with a friend on a coal barge upon the invitation of the captain of the barge. Upon the arrival of the barge at the Pennsylvania railroad docks at South Amboy on the morning of December 14th, 1918, the captain requested the plaintiff and his friend to go to South Amboy to purchase some provisions for breakfast, and instructed the plaintiff to obtain at the office of the railroad company a pass. Upon the return of the boys to the place where the barge had been moored, they found it gone, and upon inquiry, were informed that the barge had been moved to the other side of the pier. Upon this pier were located railroad tracks. The pier was owned by the United New Jersey Railroad and Canal Company and had been leased by that company to the defendant, the Eastern Coal Dock Company. The lessee had installed the necessary equipment to unload coal from freight cars into vessels. The railroad company moved the loaded freight cars into the yard and the unloaded cars out of the yard. The defendant took the loaded cars, ran them by gravity down an incline to the coal dumper where the dumper lifted the cars on the tracks where they were released and ran by gravity off the incline to a kick-back at the end of the pier. The kick-back shunted the cars by gravity to tracks where the empty cars were hauled away by the railroad company. The cars were ridden from the time of their release to the time they came to a standstill by employes of the defendant. The plaintiff and his companion had never been on the pier. They started across the pier and came to a track on which cars were located. Observing an opening between two drafts of cars they looked up and down, and, using the plaintiff's language, "We took the chance in going through." The plaintiff's companion passed through safely, but as the plaintiff was going through the opening the cars came together, catching his left arm in the coupler. There was no evidence

that the plaintiff, before the accident, had been observed by any of the employes of the defendant. We are of the opinion that the trial court ruled properly in directing a verdict for the defendant. The status of the plaintiff, under the most favorable aspect of the testimony, could rise no higher than that of a licensee, and all that the defendant was required to do was to refrain from a willful or wanton injury to him. As the defendant had not invited the plaintiff upon its property, and had no knowledge that he was there, it cannot be said that the operation of the cars in the usual way upon its tracks and property could result in the infliction of any willful or wanton injury upon the plaintiff. The evidence discloses no act of negligence upon the part of the defendant. The complaint alleges the negligence of the defendant to be the operation of its cars without giving the plaintiff warning. There was no testimony offered by the plaintiff to show that it was customary to warn persons on the pier that empty cars were being drifted down the track which the plaintiff attempted to cross, and there was testimony to show that it was not the custom to give a warning of the movement of cars upon the tracks. To one uninvited on the premises, and of whose presence the defendant had no knowledge, the defendant certainly could owe no higher duty than to those it invited upon its premises. As it owed to its invitee no duty to give warning of the movements of the cars on this particular track, in the absence of a custom to warn, it certainly owed no duty to give a warning to the plaintiff, whose presence was unknown and who, as a stranger to the premises, could not have been relying upon a custom of warning. Where there is no evidence of a custom to warn when a movement of cars is to be made, there can be no negligence in failing to give a warning that the movement is to be made. *Precodnick* v. *Lehigh Valley Railroad Co.,* 74 *N. J. L.* 566.

The trial court also based the direction of a verdict upon the further ground that the plaintiff was guilty of contributory negligence. This position we deem sound. The danger to which the plaintiff was exposed in attempting to pass be-

tween the cars was obvious. The passageway was narrow, in fact so narrow that he had to enter sideways. He was unfamiliar with the premises. He made no inquiry as to why the cars were there or whether or not they moved. He did not even wait to see if they did move. He had no knowledge whether a warning signal would be given prior to their movement. He just took, as he said, the chance of going through. It is difficult to conceive of a stronger case of contributory negligence. The case of *Furey* v. *New York Central and Hudson River Railroad Co.*, 67 *N. J. L.* 270, fully sustains the ruling of the trial court that the plaintiff, under the circumstances, was guilty of contributory negligence.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.